ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 22 2009

JAMES N. HATTEN, Clerk
By: Deputy Clerk

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**NICOLAS PATRICK BENOIT CONDROYER and GILLES ROBERT ROGER,**<br><br>**Defendants.** | **Civil Action No.**<br><br>1 09-CV-3600<br><br>**CAP** |

## COMPLAINT

Plaintiff Securities and Exchange Commission ("Commission") for its Complaint against Nicolas Patrick Benoit Condroyer ("Condroyer") and Gilles Robert Roger ("Roger") (collectively the "Defendants") alleges as follows:

## SUMMARY

1. This case involves insider trading in the securities of Chattem, Inc. by Condroyer and Roger.

2. Between December 7, 2009 and December 17, 2009, Condroyer and Roger purchased call options on Chattem stock while in possession of and based upon material non-public information concerning an impending acquisition

of Chattem by Sanofi-Aventis, a French company, at a cash price of $93.50 per share.

3. Between December 7, 2009 and December 17, 2009, defendant Condroyer purchased a total of approximately 1,970 Chattem call option contracts in multiple transactions, at a total cost of approximately $42,000. These options had strike prices, i.e., the price at which the option holder could acquire Chattem shares, of $75 or $80. All but 25 of these option contracts were set to expire on January 16, 2010. On December 17, 2009, defendant Roger purchased approximately 940 call option contracts in multiple transactions at a total cost of approximately $38,000. The options were set to expire on January 16, 2010 and had strike prices for Chattem stock, of $75 or $80. Virtually all of the options purchased by the defendants were "out of the money," because Chattem stock was trading at less than the strike price, and set to expire within 30 days.

4. On Monday, December 21, 2009, shortly before trading began, Chattem announced that it had agreed to an acquisition by Sanofi-Aventis, a French company, at a cash price of $93.50 per share. That purchase price represented a 34 percent premium over the $70 closing price from Chattem's shares on the prior trading day, Friday, December 18, 2009. Chattem's share price jumped significantly in response to the news, growing from the $70 per share closing price

on December 18 to as high as $93 per share on December 21st. The price of the options rose from under 50 cents to as high as $18.

5. On December 21, the defendants were able to sell their options for combined profits of approximately $4 million.

6. By their conduct, Condroyer and Roger have engaged in, and unless restrained and enjoined by this Court, will continue to engage in acts and practices which constitute and will constitute violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

**JURISDICTION AND VENUE**

7. This Court has jurisdiction of this action under Sections 21(d), 21(e), 21A and 27 of the Securities Exchange Act of 1934 [15 U.S.C. 78u(d), 78u(e), 78u-1 and 78aa].

8. Venue for this action is proper in the Northern District of Georgia pursuant to 28 U.S.C. §1391(b)(1) and (2); and Section 27 of the Exchange Act [15 U.S.C. §78aa] because the defendants are aliens.

**THE DEFENDANTS**

9. **Gilles Robert Roger**, age 33, is a French citizen apparently residing in Belgium.

10. **Nicolas Condroyer**, age 33, is a French citizen apparently residing in Belgium.

## RELATED ENTITIES

11. **Chattem Inc.** is a company that makes various health care products. Chattem stock trades on the New York Stock Exchange. Chattem is located in Chattanooga, Tennessee.

12. **Sanofi-Aventis** is a French corporation based in Paris, France and is one of the world's largest health care products companies.

## THE INSIDER TRADING SCHEME

13. Upon information and belief, by November 2009, Sanofi and Chattem were engaged in negotiations which would lead to Sanofi purchasing Chattem for a substantial premium over the current trading value of Chattem stock.

14. On November 26, 2009, defendant Condroyer applied to open an options trading account at optionsXpress, Inc., an on-line, self directed, options brokerage firm in Chicago. OptionsXpress approved Condroyer for options trading on November 30, 2009.

15. During the next two weeks, Condroyer wired approximately $44,000 into the account.

16. On December 8, 2009, defendant Roger applied to open an account with optionsXpress and the firm approved Roger for trading on December 14, 2009. Shortly thereafter, Roger wired in approximately $38,000.

17. Between December 7, 2009 and December 18, 2009, Condroyer purchased approximately 1,970 Chattem call option contracts for a total price of approximately $42,000. All of these options were "out of the money" when they were purchased, in that the strike price on the options was $75 or $80 and Chattem stock was trading at around $70 per share. Virtually all the options were set to expire on January 16, 2010 and were purchased at prices ranging from $10 to $30 per contract (100 options).

18. On December 17, 2009, Gilles Roger, another purported resident of Brussels, purchased approximately 940 Chattem call option contracts for approximately $38,000. All of these options were "out of the money" and set to expire in less than 30 days when they were purchased. They were purchased at prices ranging from $10 to $150 per contract.

19. On December 21, 2009, it was announced before trading began that Chattem had agreed to be acquired for $1.9 billion by Sanofi. Under the acquisition agreement, Chattem shareholders are to receive $93.50 per share, which would be a substantial premium over Chattem's closing price of $69.98 on Friday, December 18, 2009.

20. In reaction to the news, Chattem opened on December 21, 2009, at $92.79, and increase of 32.6% from its closing price on Friday, December 18th. Following the announcement, the option contracts traded at prices from $1,290 per contract to $1,800 per contract.

21. On December 21, 2009, subsequent to the public announcement, Condroyer sold all of his options, realizing a net profit of $2.8 million.

22. On December 21, 2009, subsequent to the public announcement, Roger sold all of his options, realizing a profit of approximately $1.4 million.

## COUNT I

## Violations of Section 10(b) of the Exchange Act [15 U.S.C. 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b.5]

23. Paragraphs 1 through 22 are hereby realleged and are incorporated herein by reference.

24. The Defendants, between December 7 and December 21, 2009, singly or in concert, in connection with the purchase and sale of securities, specifically the Chattem call options, directly and indirectly, by the use of means and instrumentalities of interstate commerce and by use of the mails:

(a) employed devices, schemes, and artifices to defraud;

(b) made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

(c) engaged in acts, practices, and courses of business which would and did operate as a fraud and deceit upon persons, in connection with the purchase and sale of such securities,

all as more particularly described above.

25. The Defendants knowingly, intentionally and/or recklessly engaged in the aforementioned devices, schemes and artifices to defraud, made untrue statements of material facts and omitted to state material facts, and engaged in fraudulent acts, practices and courses of business. In engaging in such conduct, the Defendants acted with scienter, that is, with an intent to deceive, manipulate or defraud or with a severe reckless disregard of the fact that (a) their trading activity was based upon material non-public information, and (b) in trading they were (i) breaching a fiduciary relationship or other relationship of trust or confidence, or (ii) had received the information from someone breaching such a duty.

26. By reason of the foregoing, the Defendants violated and, unless restrained and enjoined, will continue to violate Section 10(b) of the Exchange Act [15 U.S.C. 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5].

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully prays that the Court:

**I.**

Issue a permanent injunction enjoining defendants Condroyer and Roger, their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, and each of them, from violating Exchange Act Section 10(b) [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5].

**II.**

Issue an Order requiring defendants Condroyer and Roger to disgorge all ill-gotten gains or losses avoided in connection with sales of Chattem options they made, or caused others to make, while they were in possession of material, nonpublic information as alleged in the Commission's Complaint, plus pay prejudgment interest thereon, and freeze the proceeds of the transactions pending final relief.

**III.**

Issue an Order pursuant to Section 21A of the Exchange Act [15 U.S.C. 78u-1] imposing a civil monetary penalty against defendants Condroyer and Roger.

IV.

Retain jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that may have been entered or to entertain any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

V.

Grant such other relief as may be necessary and appropriate.

This 22nd day of December, 2009[1]

Respectfully Submitted,

William P. Hicks (Georgia Bar No. 351649)
M. Graham Loomis (Georgia Bar No. 457868)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Atlanta Regional Office
3475 Lenox Rd., N.E., Suite 500
Atlanta, Georgia 30326-1232
(404) 842-7675 (Hicks)
(404) 84207622 (Loomis)

[1] This document is printed in Times New Roman font, size 14, and does not contain more than ten characters per inch.